IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN L. WILKINS, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:11-CV-1097 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| KENNETH CAMERON, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

December 7, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Allen L. Wilkins ("Petitioner" or "Wilkins"), also known as Glue Wilkins, an inmate presently confined at the Cresson State Correctional Institution ("SCI Cresson") in Cresson, Pennsylvania, commenced the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) He challenges his 2003 conviction in the Court of Common Pleas of Dauphin County of attempted murder, aggravated assault, robbery, theft by unlawful taking, terroristic threats, unlawful restraint, and possession of instruments of crime. His sole ground for relief is that there is no sentencing order signed by a Judge in his criminal record, and therefore, no authority for his present confinement.

On June 23, 2011, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to pro se habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their petitions), we issued an Order to Wilkins directing him within forty-five (45) days to file a Notice of Election indicating whether he chooses to have the Court rule on his Petition as filed, or whether he seeks to withdraw his Petition and file a new petition.  (Doc. 5.)  Wilkins' Notice of Election therefore was due to be filed on or before August 8, 2011.

However, on July 20, 2011, Wilkins filed a Motion for Disclosure, Discovery, and Inspection.  (Doc. 9.)  In his Motion, Wilkins explained that it is impossible for him to file his Notice of Election without first reviewing a copy of his sentencing order and transcript of his sentencing colloquy.  (*Id.* ¶ 5.)  Wilkins represented that he had attempted by all informal means available to obtain copies of these documents without success.  (*Id.* ¶ 6.)  He therefore requested that we direct Respondents to provide copies of these documents to him within ten (10) days so that he may then comply with our June 23 Order.  (*Id.* at 1-2.)

By Order dated July 27, 2011, we granted Wilkins' Motion and directed service of the Petition on Respondents for the sole purpose of directing the Dauphin County District Attorney to provide copies of the sentencing order and transcript of the

2

sentencing colloquy in Wilkins' criminal case at Dauphin County Docket Number CP-22-CR-0003382-2002 to Wilkins and to this Court on or before August 10, 2011. (Doc. 10.)  We also *sua sponte* extended the deadline for Wilkins to file his Notice of Election until fourteen (14) days after the date of the District Attorney's filings.  (*Id.*)

On August 1, 2011, in response to our Order, Respondents filed a copy of the docket sheet for CP-22-CR-3382-2002 and a copy of the sentencing transcript of Wilkins' October 30, 2003 sentencing hearing.  (Docs. 11, 11-1.)  Both the docket sheet and transcript reflect that the Court sentenced Wilkins to an aggregate of twelve (12) to twenty-four (24) years imprisonment.  (Doc. 11-1 at 1-3; Doc. 11-1 at 27-29)

On August 10, 2011, Wilkins filed documents with the Court in which he indicated that he never received a copy of our July 27 Order.  (Docs. 14, 15.) Therefore, by Order dated August 12, 2011, we directed the Clerk of Court to mail a copy of our July 27 Order to Wilkins forthwith and extended the deadline for filing his Notice of Election until August 25, 2011.  (Doc. 16.)

However, instead of filing a Notice of Election, on August 25, 2011, Wilkins filed a Motion for Discovery (Doc. 22) and "Motion for Contempt of Court Order" (Doc. 23).  Subsequently, on September 21, 2011, he filed a Motion for Judicial Notice.  (Doc. 26.)  On October 1, 2011, Respondents filed a brief in opposition to Wilkins' Motion for Discovery.  (Doc. 28.)  Wilkins subsequently filed a reply brief.

(Docs. 29, 30.[1])

In preparing to dispose of the pending Motions in this case, the Court engaged in electronic research which revealed that, in 2008, Wilkins filed a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania challenging the same 2003 Dauphin County conviction that he seeks to challenge in the instant Petition. (*See Wilkins v. Cameron*, Civil No. 3:08-CV-0185 (W.D. Pa.).)[2]  In a Report and Recommendation dated November 5, 2010, United States Magistrate Judge Keith A. Pesto recommended the denial of the petition as well as the denial of a certificate of appealability. (*Id.*, Doc. 59.)  No objections to the Report and Recommendation were filed, and therefore, by Order dated November 29, 2010, United States District Judge Kim R. Gibson denied Wilkins' petition, denied a certificate of appealability, and adopted the Report and Recommendation as the opinion of the Court. (*Id.*, Doc. 60.)

Based on the foregoing, and for the reasons set forth below, we lack jurisdiction to entertain the instant Petition, and therefore, we must dismiss it under the provisions of 28 U.S.C. § 2244.  Accordingly, all pending Motions will be denied as moot.

**DISCUSSION**

---

[1]Document numbers 29 and 30 are identical.

[2]*See* United States District Court for the Western District of Pennsylvania, Civil Docket, available at http://www.pacer.gov

4

The pertinent authority for dismissing successive habeas corpus petitions is found in Rule 9[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), and 28 U.S.C. § 2244(a)[4], a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In pertinent part, AEDPA mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty (30) days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements. *See* 28 U.S.C. § 2244(b)(3)(C), (D).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  *Burton v. Stewart*, 549 U.S. 147 (2007).

---

[3]Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

[4]28 U.S.C. 2244(a) provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

A search of the docket for the United States Court of Appeals for the Third Circuit reveals that no cases ever have been filed in that Court either by "Allen Wilkins" or "Glue Wilkins."  Therefore, it does not appear that Wilkins has filed an application with the Third Circuit seeking permission to file a second or successive petition.  Where it is evident that Wilkins has not received the permission from the Third Circuit that is required before he may file a successive petition challenging his 2003 Dauphin County conviction, we lack jurisdiction to entertain the instant Petition, and therefore, we must dismiss it under the provisions of 28 U.S.C. § 2244.  Accordingly, all pending Motions will be denied as moot.  An appropriate Order will enter on today's date.